UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04610-SVW-MRW | Date | July 17, 2012 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Patrick C. Patchen et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Re EX PARTE APPLICATION to Remand [5]

**I.     INTRODUCTION**

On March 29, 2012, Plaintiff the Bank of New York Mellon filed the instant unlawful detainer action against Defendants Patrick C. Patchen and Kristine Moss Patchen in Los Angeles County Superior Court, Torrance Courthouse. Defendants removed the case on May 25, 2012. Plaintiff filed the instant *ex parte* Application on June 25, 2012. The Court REMANDS the instant action to the Los Angeles Superior Court, Torrance Courthouse for the reasons set forth below.

**II.    ANALYSIS**

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state

:

| Initials of Preparer | PMC |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04610-SVW-MRW | Date | July 17, 2012 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Patrick C. Patchen et al | | |

JS - 6

claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendant has failed to establish subject matter jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law; instead, it is governed solely by California law. See Wescom Credit Union v. Dudley, No. CV 10-8203 GAC (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Accordingly, Defendant's conclusory assertion that the Complaint contains a federal claim in disguise, or that Plaintiff's unlawful detainer claim is somehow preempted by federal law, is unpersuasive.

Defendants' removal is also untimely under 28 U.S.C. § 1446(b),. which requires removal within 30 days of receipt of the Summons and Complaint. As noted above, Defendants removed this case on May 25, 2012, 51 days after the Summons and Complaint were served on April 4, 2012. Accordingly, Defendants' removal was untimely.

**III.    CONCLUSION**

The Court hereby REMANDS the case for the reasons set forth above.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |